# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL W. PAULSON,** | : | |
|     **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 19-6013** |
| **THE GEO GROUP, INC.,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                               **JANUARY   3  , 2020**

Plaintiff Michael W. Paulson has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a Motion for Leave to Proceed *In Forma Pauperis*. Named as Defendants are The GEO Group, Inc., the George W. Hill Correctional Facility ("GWH") and Delaware County. For the following reasons, Paulson will be permitted to proceed without the payment of filing fees, GWH will be dismissed with prejudice, and the GEO Group, Inc. and Delaware County will be dismissed without prejudice. Paulson will also be permitted to file an amended complaint if he is able to correct the defects the Court identifies in his claims.

## I.     FACTUAL ALLEGATIONS

The Complaint in this case is quite brief. Paulson alleges that "for a few days" after he was taken to GWH on June 5, 2019, he was housed in a booking area, a "holding tank" with ten other inmates, and then a booking interview room, where he had no mat on which to sleep, could not shower, and could not use the bathroom when needed. (ECF No. 2 at 3.)[1] He also claims he "did not receive proper food service." (*Id.*) He alleges this constituted cruel and unusual

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

punishment. He concedes he suffered no physical injury and did not require medical treatment, "[h]owever, these issues caused mental distress and abuse." (*Id.*) He seeks money damages and an order directing GWH to treat inmates humanely.

## II.     STANDARD OF REVIEW

Because Paulson appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Paulson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.     Claim against GWH

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The § 1983 claim against GWH must be dismissed because a jail is not a "person" under Section 1983. *Paulson v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D.

---

[2] Because Paulson is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

B.     **Claims Against The GEO Group, Inc. and Delaware County**

The claims Paulson seeks to pursue against The GEO Group, Inc. and Delaware County based on the overcrowding conditions he experienced must also be dismissed pursuant to § 1915(e)(2)(B).  The GEO Group, Inc., a private corporation under contract to provide services at GWH, may be liable under § 1983 only if the entity's policies or customs caused the alleged constitutional violation.  *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of § 1983); *French v. GEO Grp., Inc.*, No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *3, n.5 (E.D. Pa. Mar. 11, 2009) ("For purposes of Plaintiff's § 1983 claims, Defendant GEO Group, a private company, was acting under the color of state law since it provided daily functional services for the Delaware County Prison.").  To state a claim for municipal liability against Delaware County, a plaintiff must also allege that the municipal defendant's policies or customs caused the alleged constitutional violation.  *Monell*, 436 U.S. at 694.  To assert a plausible claim under § 1983 against these entities, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).  Paulson has not tied any of the conditions of which he complains to a custom or policy of The GEO Group, Inc. or Delaware County.

3

Even if Paulson had made *Monell*-type allegations, his claim would still be implausible. Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment under the Fourteenth Amendment applicable to pretrial detainees typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, n.20). The conditions Paulson describes, while not ideal, do not satisfy the objective component of a Fourteenth Amendment claim. He concedes that he suffered no physical injury and required no medical attention due to the cramped conditions he describes. He also states that the conditions occurred only "for a few days." Notably, housing multiple inmates in a cell or on temporary bedding does not alone establish a constitutional violation. *See, e.g., North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."); *Wilson*, 501 U.S. at 305 ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *Walker v. George W. Hill Corr. Facility*, No. 18-2724, 2018 WL 3430678, at *3

(E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding). Finally, while Paulson asserts that he could not use the bathroom or shower "when needed," he fails to allege that such facilities were not available. In short, because the conditions he describes do not constitute punishment, his Fourteenth Amendment claim is not plausible.

**IV.    CONCLUSION**

Paulson's claims against GWH will be dismissed with prejudice. His claims against The GEO Group, Inc. and Delaware County will be dismissed without prejudice because they are not plausible as alleged. The Court cannot, however, state that Paulson can never state plausible claims against The GEO Group, Inc. and Delaware County. Accordingly, he will be permitted to file an amended complaint against these Defendants within 30 days to attempt to correct the defects the Court has identified.[3] Additional guidelines governing any amended complaint are included in the attached Order.

                                                  **BY THE COURT:**

                                                  **/s/ Judge John M. Younge**
                                                  **JOHN M. YOUNGE, J.**

---

[3] Should he seek to file an amended complaint, Paulson is advised that the Prison Litigation Reform Act requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (citing 42 U.S.C. § 1997e(e)). As no physical injury allegedly occurred, Paulson cannot recover compensatory damages.