# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL W. PAULSON, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 19-6013 |
| THE GEO GROUP, INC., *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                                **FEBRUARY 11, 2020**

Plaintiff Michael W. Paulson has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 following the dismissal of his original Complaint, in part with prejudice and in part without prejudice. Named as Defendants in the Amended Complaint ("AC") are The GEO Group, Inc., the George W. Hill Correctional Facility ("GWH"), Delaware County, C/O Konanhan and "GEO Medical Department." For the following reasons, the AC will be dismissed with prejudice.

## I.     FACTUAL ALLEGATIONS

The original Complaint in this case contained allegations concerning Paulson's living conditions upon his admission to GWH. The AC concerns an entirely different set of facts. Paulson alleges that on Christmas evening, December 25, 2019, he was locked in his cell by Defendant Konanhan "for no legitimate purpose" during his scheduled recreation period. (ECF No. 7 at 9.)[1] This caused him to miss the opportunity to make a phone call to his family, take a shower, and process his laundry. (*Id.*) When he complained and asked to speak to a supervisor,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Konanhan cursed at him and threatened to lock him in for three days. (*Id.*) Later that night when his cell door was opened and Paulson tried to walk out of the cell, Konanhan closed the door on his toe. (*Id.*) The toe turned black and blue and Paulson asked for immediate medical attention, which was denied. (*Id.* at 9-10.) The next day, December 26, 2019, he was permitted to go to the medical department, but the on-duty nurse was about to leave for the day, and he was told no one could see him. (*Id.* at 10.) He was seen by medical on December 27, 2019, and told he would be scheduled for an x-ray, which was performed on December 30, 2019. (*Id.*) Paulson offers no allegation about the result of the x-ray, nor does he describe any need for further treatment.

## II. STANDARD OF REVIEW

Because Paulson has been granted leave to proceed *in forma pauperis*,[2] 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Paulson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] Although Paulson was already granted *in forma pauperis* status, he has filed another application for the same relief, which will be denied as moot in the accompanying Order.

### III. DISCUSSION

#### A. Claims against GWH and "GEO Medical Department"

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court dismissed GWH with prejudice during the screening of Paulson's original Complaint because GWH is not a "person" under Section 1983. (*See* ECF No. 5 at 2-3 (citing *Paulson v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). Nonetheless, Paulson again named GWH as a Defendant in the AC and it will again be dismissed for the same reason.

The "GEO Medical Department" must also be dismissed with prejudice since it too is not a "person" under § 1983. *See Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845 (3d Cir. 2011) (holding that dismissal of prison medical department because it was not a "person" under § 1983 was not error); *Stanley v. Delaware Cty. Prison, Med. Dep't*, Civ. A. No. 91-1169, 1991 WL 29928, at *1 (E.D. Pa. Feb. 27, 1991) ("The Medical Department at Delaware County Prison is clearly not a person for purposes of 42 U.S.C. § 1983.")

#### B. Claims Against The GEO Group, Inc. and Delaware County

In screening the original Complaint, the Court held that the claims Paulson sought to pursue against The GEO Group, Inc. and Delaware County were subject to dismissal because he had failed to allege plausible policy or custom as required by *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). (ECF No. 5 at 3-5 (citing *Monell*; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).) Paulson has again named The GEO Group, Inc.

and Delaware County as Defendants in the AC. He has, however, again failed to allege any policy or custom upon which to base a *Monell* claim. Accordingly, these Defendants are again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims Against C/O Konanhan

The allegations against Defendant Konanhan are based on two distinct events: his denying Paulson his recreation time on Christmas night followed by verbal threats, and his closing the cell door on Paulson's toe. The claim involving the denial of recreation time on one night fails to state a plausible civil rights claim under § 1983. While Paulson is a pretrial detainee who may assert a constitutional violation under the Fourteenth Amendment, the United States Court of Appeals for the Third Circuit has held in the context of an analogous Eighth Amendment claim asserted by a convicted inmate that, "[w]hile the denial of exercise and recreation may result in a constitutional violation, a temporary denial is insufficiently serious to implicate the Eighth Amendment." *Millhouse v. Arbasak*, 373 F. App'x 135, 138 (3d Cir. 2010) (citing *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir.1989)). The allegation that Paulson was denied recreation time to make a phone call, shower and process his laundry, limited as it is to only one night, is insufficiently serious to state a plausible constitutional violation even though it occurred on Christmas night when Paulson wanted to call his family.

The claim involving verbal threats is also insufficient to state a plausible claim. Verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding that threat to spray inmate with mace did not violate Eighth Amendment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)

4

("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

The claim that Konanhan closed the cell door on Paulson's toe, which asserts nothing more than simple negligence,[3] is also insufficient to state a plausible constitutional claim. "[I]t is well-settled that the protections afforded prisoners by the Due Process Clause are not triggered by the simple negligence of prison officials." *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Accordingly, this portion of the claim against Konanhan must also be dismissed.

Finally, the claim that Konanhan denied Paulson medical attention for his injured toe is also subject to dismissal. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

---

[3] While Paulson uses the term "unwarranted physical force" in the section of the form complaint asking him to state the nature of relief he seeks (ECF No. 7 at 5), this conclusory allegation is insufficient to state a constitutional claim for excessive force. *See Iqbal*, 556 U.S. at 678 (stating that labels and conclusions are insufficient). In describing the event, Paulson makes no allegation that there was excessive force, rather than merely negligent or accidental conduct.

[4] As Paulson was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs this claim. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Paulson's allegation that his toe turned black and blue after it was hit by the cell door is insufficiently serious to state a denial of medical treatment claim. While he "assumed that [his] toe was broken," (ECF No. 7 at 9), Paulson fails to allege that the x-ray actually indicated this, or that he required any further medical treatment for the bruise. Although Paulson may have experienced discomfort as a result of the injury to his toe, symptoms such as bruising, without anything more, are not generally recognized as presenting a serious medical need. *See Fernandez v. Metro Dade Police Dept.*, 397 F. App'x 507, 512 (11th Cir. 2010) (finding that a bloody nose and mouth, facial bruising, pain, and disorientation did not constitute a serious medical need); *Royster v. Beard*, No. 09-1150, 2013 WL 4786028 (W.D. Pa. Sept. 6, 2013) (holding that loss of consciousness, excessive bruising, bleeding, and swelling did not constituted serious medical needs under a denial of medical care claim); *Brown v. Rodarmel*, No. 10-293, 2013 WL 1249023 (M.D. Pa. Mar. 27, 2013) (holding that cuts and bruises, minor lacerations, and head and back pain did not constitute a serious medical need); *Dallio v. Hebert*, 678 F. Supp. 2d 35, 60 (N.D.N.Y. 2009) (finding that black and blue eyes, bruising, red spots,

kick marks, and lacerations did not constitute a serious medical need); *Rodriguez v. Mercado*, No. 00-8588, 2002 WL 1997885 (S.D.N.Y. Aug. 28, 2002) (finding that bruises to the plaintiff's head, back, and wrists, accompanied by back pain and migraines did not constitute a serious medical need). Accordingly, this portion of the claim against Defendant Konanhan is also dismissed.

**IV.     CONCLUSION**

For the reasons stated, Paulson's Amended Complaint will be dismissed in its entirety. Having provided Paulson with an opportunity to amend his claims, the Court finds that further attempts at amendment to state plausible claims would be futile. Accordingly, the dismissal will be with prejudice. An appropriate Order follows.[5]

**BY THE COURT:**

**/s/ Judge John M. Younge**
**JOHN M. YOUNGE, J.**

---

[5] Since the case is dismissed with prejudice, the Order also denies as moot Paulson's "Request to Allow Individual to Precede Pro Se."